**FILED**

AUG 05 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANA GAINES,<br><br>        Plaintiff,<br><br>v.<br><br>DR. GOLDENSON and NURSE POH,<br><br>        Defendants. | Case No. C 14-2025 PSG (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(Re: Docket No. 2) |

        Dana Gaines, a former detainee at the San Francisco County jail proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Gaines' motion for leave to proceed in forma pauperis is granted. For the reasons stated below, the court dismisses this action.

### I. DISCUSSION

A.    Standard of Review

        A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---

[1] *See* 28 U.S.C. § 1915A(a).

Case No. C 14-2025 PSG (PR)
ORDER OF DISMISSAL

defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally construed.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[4]

B.   Plaintiff's Claim

Gaines alleges that he had back surgery in 1993. As a result, he is supposed to be taking 30 mg of morphine per day for pain management. Last year, Gaines got caught "cheeking" his morphine. Gaines claims that because of this, Nurse Poh refused to give him the 30 mg of morphine per day. Instead, Nurse Poh gave Gaines 5 mg of methadone which does not relieve Gaines' pain. Gaines complained to Dr. Goldenson to get his normal medication but Dr. Goldenson refused. Presumably, Gaines is attempting to raise a claim that Nurse Poh and Dr. Goldenson were deliberately indifferent to Gaines' serious medical needs. While Gaines requests no monetary damages, he does request injunctive relief.

Gaines' claim is subject to dismissal as moot. A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted due to subsequent developments.[5] Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances.[6] A claim for injunctive relief should be dismissed as moot when an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to

---

[2] *See* 28 U.S.C. § 1915A(b)(1), (2).

[3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[5] *See Flast v. Cohen*, 392 U.S. 83, 95 (1968).

[6] *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

Case No. C 14-2025 PSG (PR)
ORDER OF DISMISSAL

the prison conditions for which he seeks injunctive relief.[7]

Here, Gaines was incarcerated at the San Francisco County jail, where defendants are employed, when he initiated this action on May 2, 2014. On May 9, 2014, Gaines provided this court an updated address, which appears to be a private address. Consequently, as the sole relief sought is injunctive in nature, and Gaines is no longer is incarcerated at the San Francisco County jail or any other prison within this court's jurisdiction, the complaint will be dismissed as moot.

## II. CONCLUSION

For the foregoing reasons, this action is DISMISSED as moot.

IT IS SO ORDERED.

DATED: 8-5-14

PAUL S. GREWAL
United States Magistrate Judge

---

[7] See *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995).